IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRANCE L. STANLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. CIV-25-942-SLP |
| WARDEN CARTER, | ) ) ) |
| Respondent. | ) ) |

## REPORT AND RECOMMENDATION

Terrance L. Stanley, a federal prisoner proceeding *pro se* and *in forma pauperis*, seeks a writ of habeas corpus under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge Scott L. Palk has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). Upon initial review, the undersigned recommends that the Court **DISMISS** the Petition.

I.     SCREENING REQUIREMENT

The Court is required to review habeas petitions promptly and to "summarily dismiss [a] petition without ordering a responsive pleading," *Mayle v. Felix*, 545 U.S. 644, 656 (2005), "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* R. 4, R. Governing § 2254 Cases in U.S. Dist. Ct.[1]

---

[1] The district court may apply any or all" of the Rules governing § 2254 cases to a habeas petition brought under § 2241. R. 1(b), R. Governing § 2254 Cases in U.S. Dist. Ct.

## II. PETITION

Mr. Stanley is currently in the custody of the Federal Bureau of Prisons (BOP) and is incarcerated at the Federal Correctional Institution in El Reno, Oklahoma. (ECF No. 1:5). Petitioner challenges the execution of his sentence, arguing that BOP officials have failed to calculate his sentence properly by not applying "credits" to his federal sentence which he believes he is owed. (ECF No. 1:1-3). As relief, Mr. Stanley requests the Court to "exercise it's [sic] authority to run all days served in the Broward County's custody from May 10, 2022 to January 6, 2023, as credited time served." (ECF No. 1:3).

## III. DISMISSAL OF PETITION FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

Although 28 U.S.C. § 2241 does not contain an explicit exhaustion requirement, exhaustion of available remedies is required for petitions brought under 28 U.S.C. § 2241. *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254."). Exhaustion requirements exist to give agencies, like the BOP, "an opportunity to correct [their] own mistakes ... before [they are] hauled into federal court." *Woodford v. Ngo,* 548 U.S. 81, 89 (2006) (quotations omitted). The exhaustion requirement is satisfied when the petitioner "us[es] all steps that the agency holds out." *Woodford*, 548 U.S. at 90. Applicable to this action are federal regulations which afford prisoners administrative review of the computation of their credits. *See* 28 C.F.R. §§ 542.10–542.17; *U.S. v. Wilson,* 503 U.S. 329, 335 (1992).

Here, Petitioner admits that he has not exhausted any administrative remedies. *See* ECF No. 1:2. Mr. Stanley states:

> "The Petitioner now comes before this court pursuant to 28 U.S.C 2241, without having first exhausted the B.O.P Administrative remedies Due to the "PLRA's" Defining of prison conditions "As the conditions of confinement" "Not Includ(ing) HABEAS CORPUS proceedings challenging the fact(s) or doration [sic] of confinement in prison "(See 18 U.S.C 3626(g)(2) Being a well "Established" fact that a 2241 HABEAS CORPUS "Challenges ... comit) The manner location or conditions of a sentences execution (as) proper subjects of a HEBEAS CORPUS action under 2241 procedings [sic].)

(ECF No. 1:2).

Mr. Stanley apparently believes that he is not required to exhaust his administrative remedies, and that such requirement is not applicable in habeas corpus actions. Petitioner is incorrect, as explained. *See supra*. Mr. Stanley was required to exhaust his administrative remedies in his action filed under 28 U.S.C. § 2241 and he has admitted that he has not done so. While it is true that exhaustion of administrative remedies is not required when it would be futile,[2] "[t]he futility exception … is quite narrow…. [and] [only] appl[ies] … when there has been an adverse decision disposing of the precise issue raised by the petitioner." *Bun v. Wiley*, 351 F. App'x 267, 268, 2009 WL 3437831, at *1 (10th Cir. 2009) (citing *Goodwin v. Oklahoma,* 923 F.2d 156, 157–58 (10th Cir. 1991)). Here, however, Mr. Stanley has not alleged that the futility exception applies to his case. *See* ECF No. 1. Here, the facts and arguments underlying Petitioner's

---

[2] *Wilson v. Jones,* 430 F.3d 1113, 1118 (10th Cir. 2005).

claim must be presented in the first instance by way of the administrative remedies available within the BOP. Because Petitioner has failed to exhaust those administrative remedies, his Petition should be dismissed, without prejudice.

## IV.  RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

Based upon the foregoing analysis, it is recommended that the Petition (ECF No. 1) be **DISMISSED**.

The parties are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by **November 10, 2025**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V.  STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on October 24, 2025.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE