IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TERRANCE L. STANLEY, | ) |
| Petitioner, | ) ) ) |
| v. | ) Case No. CIV-25-942-SLP |
| WARDEN CARTER, | ) ) ) |
| Respondent. | ) ) |

**O R D E R**

Before the Court is the Report and Recommendation [Doc. No. 11] issued by United States Magistrate Judge Shon T. Erwin upon referral of this matter pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The Magistrate Judge recommends denying Petitioner's request for failure to exhaust administrative remedies. Petitioner has filed an Objection to the Report and Recommendation [Doc. No. 12]. The Court must make a de novo determination of any portions of the Report to which a proper objection is made, and may accept, reject or modify the recommended decision in whole or in part. *See* 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**I.   Background**

Petitioner, a federal prisoner appearing pro se and in forma pauperis, seeks habeas corpus relief pursuant to 28 U.S.C. § 2241 based on an alleged failure of the Bureau of Prisons ("BOP") to timely credit his sentence with credits he believes he is owed. [Doc.

No. 1]. He asks the Court to "exercise it's [sic] authority to run all days served in the Broward County's custody from May 10, 2022 to January 6, 2023, as credited time served." *Id.* at 3.

The R&R recommends dismissal for failure to exhaust administrative remedies, observing that Petitioner admitted in his initial filing that he has not pursued exhaustion because he believes exhaustion is not required for actions filed under 28 U.S.C. § 2241. R&R [Doc. No. 11] at 3. The R&R goes on to explain that while an explicit exhaustion requirement is not in the text of § 2241, it is well settled in the Tenth Circuit that exhaustion is required. *Id.* (citing *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010); *Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005); *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)).

## II.     Analysis

In Petitioner's Response to the R&R, Petitioner again acknowledges that he has not pursued administrative exhaustion. [Doc. No. 12]. Further, Petitioner does not challenge or object to the legal conclusions of the R&R, thus it is not a true "objection." *Id.*; *see United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996) (Any "objection[] to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."). Rather, Petitioner argues that if he is "forced to go through the admin [sic] remedy process it would render [his] issue futile." *Id.* He states that having to exhaust administrative remedies would "take longer for the process" and notes that if granted the credits he requests, his release date would change from June 21, 2028 to December 21, 2027 and his home detention dates

from December 23, 2027 to January 23, 2027. According to Petitioner, this "shows that if going through the remedy process takes up to a year" then the relief will extend past his home detention date. *Id.*

Petitioner cites no evidence or authority that suggests that the exhaustion process will take longer than a year. Further, as noted in the R&R, the "[t]he futility exception . . . is quite narrow . . . [and] [only] appl[ies] . . . when there has been an adverse decision disposing of the precise issue raised by the petitioner." *Bun v. Wiley*, 351 F. App'x 267, 268, 2009 WL 3437831, at *1 (10th Cir. 2009) (citing *Goodwin v. Oklahoma*, 923 F.2d 156, 157–58 (10th Cir. 1991)). Petitioner has not cited to any such adverse decision. Thus, upon de novo review, the Court concurs with the conclusions in the R&R, including the conclusion that Petitioner has not shown he qualifies for the futility exception to requirement to exhaust administrative remedies. Accordingly, Petitioner's action is subject to dismissal.

### III. Conclusion

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 11] is ADOPTED in its entirety. The Petition [Doc. No. 1] is DISMISSED without prejudice. A separate judgment shall be entered.[1]

---

[1] Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when entering a final order adverse to a petitioner. However, "a federal prisoner ... does not need a COA to appeal a final judgment in a § 2241 case." *Eldridge v. Berkebile*, 791 F.3d 1239, 1241 (10th Cir. 2015). Accordingly, the Court need not consider a COA in this case.

IT IS SO ORDERED this 10th day of November, 2025.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

4